UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATASHA REESE, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>JANSSEN )<br>PHARMACEUTICALS, INC., et al., )<br>)<br>Defendants. ) | Case No. 4:17-cv-01317-JAR |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Research & Development, LLC; and Patriot Pharmaceuticals, LLC's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 4); Plaintiffs' Motion to Remand (Doc. 9); and Plaintiffs' Motion to Stay (Doc. 11). For the following reasons, the Court will grant Plaintiffs' Motion to Remand (Doc. 9), and deny all other pending motions without prejudice (Docs. 4, 11).

## Background

On February 27, 2017, Plaintiffs filed this action in the City of St. Louis Circuit Court (Doc. 6). Their petition alleges several state law claims against Defendants arising out of the design, development, testing, labeling, packaging, distribution, marketing, and sale of Risperdal (risperidone), Invega (paliperidone), and generic risperidone (Id. at 3, 23-37, 41-58). Plaintiffs allege that they or their spouses, children, wards, and/or decedent family members ingested Invega, Risperdal, or an authorized generic thereof, and developed various serious and/or permanent adverse effects as a result (Id. at 3-15, 37-40). Plaintiffs are 72 unrelated individuals

1

who are citizens of Alabama, Arizona, California, Colorado, Florida, Georgia, Idaho, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, Virginia, Washington, West Virginia, and Wisconsin (Id. at 5-15; Doc. 1 at 11-12).

On April 13, 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction (Doc. 1). The parties, however, are not diverse. Two plaintiffs and Johnson & Johnson are citizens of New Jersey; two plaintiffs and Janssen Research & Development, LLC are citizens of Pennsylvania. Patriot Pharmaceuticals, LLC is a citizen of Pennsylvania and New Jersey. Janssen Pharmaceuticals is a Pennsylvania corporation with its principal place of business in New Jersey (Docs. 1 at 11-12; 6 at 5, 7, 15-17 64, 66).

Despite the lack of complete diversity on the face of the complaint, Defendants have moved to dismiss the claims of all non-Missouri plaintiffs for lack of personal jurisdiction, or alternatively, for failure to state a claim, arguing that the Court should address these issues, before it reaches the issue of subject matter jurisdiction (Docs. 4-5). In Defendants' view, each Plaintiff must establish that the Court has personal jurisdiction over his or her individual claim, and that the Court lacks personal jurisdiction over the non-Missouri Plaintiffs' individual claims (Doc. 5 at 2-3). Defendants do not dispute that the Court has personal jurisdiction with regard to the Missouri Plaintiffs' claims (Id. at 2). Defendants also argue that Plaintiffs have failed to allege sufficient facts to state viable claims against them (Id. at 13-15).

Plaintiffs move to remand the case back to the state court, arguing that removal based on diversity jurisdiction was improper because the parties are not completely diverse and the Court thus lacks subject matter jurisdiction (Docs. 9-10). Defendants oppose remand, arguing that the

2

non-Missouri plaintiffs have been "fraudulently joined" to defeat diversity jurisdiction, and that their citizenship should thus be disregarded for purposes of determining whether the parties are completely diverse (Docs. 1, 16). Specifically, Defendants argue that the non-Missouri Plaintiffs' claims are fraudulent because their claims have no basis in fact and law, i.e., because no Missouri court can, consistently with the Due Process Clause of the United States Constitution, order recovery on a claim over which it lacks personal jurisdiction (Docs. 1 at 18-21; 16). Defendants urge the Court to address the issue of personal jurisdiction—the resolution of which they believe would render the parties completely diverse—before reaching the issue of subject matter jurisdiction (Doc. 16). Plaintiffs have also moved to stay the case pending the Court's ruling on their motion to remand, which Defendants oppose (Docs. 11-12, 15, 18).

## Discussion

It is clearly within the Court's discretion whether to decide issues of personal or subject matter jurisdiction first. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."). Here, the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject matter jurisdiction is not arduous, and the issues of personal jurisdiction and failure to state a claim would require a more fact-intensive inquiry. Timms v. Johnson & Johnson, No. 4:16-CV-00733-JAR, 2016 WL 3667982, at *2 (E.D. Mo. July 11, 2016) (citing Curtis Henderson v. Combe Inc., Case No. 4:16-CV-283-RWS, ECF No. 10 (E.D. Mo. Mar. 24, 2016)).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th

Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)); see also 28 U.S.C. § 1441(a). The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

Federal district courts generally have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Diversity jurisdiction also requires complete diversity of the parties, i.e., that no defendant hold citizenship in the same state where any plaintiff holds citizenship. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).

Here, Defendants assert that this case falls within the "fraudulent joinder" doctrine. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." Prempo, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. (citing Filla v. Norfolk S. Ry. Co., 336 F.2d 806, 809 (8th Cir. 2003)). To establish fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson v. Systs. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (quoting Filla, 336 F.3d at 810). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Id. In contrast, "joinder is not

4

fraudulent where 'there is arguable a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Id. (quoting Filla, 336 F.3d at 811).

Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, "[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Prempo, 591 F.3d at 620. While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to adopt or reject it. Id. at 622.

Defendants attempt to frame their argument in terms of fraudulent joinder. However, the Court concludes that, properly characterized, Defendants argument is instead based on the theory of fraudulent misjoinder. As Defendants themselves note, "[f]raudulent *misjoinder* challenges the propriety of joining *viable* claims into a single action while fraudulent *joinde*r challenges the *viability* of the claims themselves" (Doc. 16 at 14). Here, Defendants do not dispute that the non-Missouri Plaintiffs have plausible claims under substantive state law; rather, they challenge the propriety of joining the non-Missouri Plaintiffs into a single action over which the Court has established personal jurisdiction over Defendants.[1] See Gracey v. Janssen Pharm., Inc., No. 4:15-CV-407 (CEJ), 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (discussing distinction

---

[1] Defendants argue that no Missouri court can, consistently with due process, exercise personal jurisdiction over them with respect to the non-Missouri Plaintiffs' claims (Docs. 1, 5). Defendants do not dispute, however, that Missouri courts have personal jurisdiction over them with respect to the Missouri Plaintiffs' claims. See Shaffer v. Heitner, 433 U.S. 186, 204 (1977) (the central concern of due process inquiry for personal jurisdiction is "the relationship among the defendant, the forum, and the litigation"); see also Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984) (authorizing states to exercise personal jurisdiction over non-resident defendants even where the plaintiff's contacts with the forum are "extremely limited" or even "entirely lacking").

between fraudulent joinder and fraudulent misjoinder where, after removing case to federal court, Defendants argued the state court lacked personal jurisdiction over individual claims of out-of-state plaintiffs). Thus, the real issue before the Court is whether the out-of-state Plaintiffs' claims have been properly joined under Rule 20. See Prempo, 591 F.3d at 622.

Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences:' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action." Prempro, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20 (a)(1)). "In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" Id. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). Thus, Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring '[a]bsolute identity of all events." Prempro, 591 F.3d at 622 (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (1974)).

The facts of this case are essentially indistinguishable from other nearly identical cases Defendants have previously sought to remove to this Court. The Court agrees with District Judge Carol E. Jackson, who—in another case against Defendants which involved the same drugs and which Defendant also removed from a Missouri state court—wrote:

> Plaintiffs' claims satisfy Rule 20(a)'s standard. First, plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same product and arising from the same design, testing, development, labeling, packaging, distribution, marketing, and sales practices for that product. Also, because plaintiffs' allegations relate to defendants' design, manufacture, testing, and promotion of Risperidone—occurrences common as to all plaintiffs—their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the end-of-the-line exposures occurred in different states and under

6

> the supervision of different medical professionals. Thus, joinder of all sixty-four plaintiffs' claims under Rule 20(a) is proper.

Gracey, 2015 WL 2066242, at *4 (remanding action back to state court); see also T.R. v. Janssen Pharm., Inc., No. 4:16-CV-1860-CEJ, 2017 WL 492827, at *3-4 (E.D. Mo. Feb. 7, 2017) (same). As courts in this District have repeatedly found, the joinder of plaintiffs alleging injury from a single product is not "egregious," because common issues of law and fact connect such plaintiffs' claims. See e.g., Langston v. Bayer Corp., No. 4:17-CV-008880-JAR, ECF No. 37 (E.D. Mo. May 9, 2017) (Essure contraceptive device); Timms, 2016 WL 3667982, at *3 (talcum powder); Valle v. Ethicon, Inc., No. 4:13-CV-798 (RWS) (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products); T.F. v. Pfizer, Inc., No. 4:12–CV–1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (Zoloft®); S.L. v. Pfizer, Inc., No. 4:12-cv-420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, No. 4:10-cv-971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010) (Avandia®).

In this case, Plaintiffs have filed suit against Defendants for injuries that allegedly were caused by Risperdal, Invega, and generic risperidone; and that allegedly arose out of Defendants' design, development, testing, labeling, packaging, distribution, marketing, and sale of those drugs. Common questions of law and fact are likely to arise in this action, including the causal link between the drugs and the alleged harms they cause, and whether Defendants knew of the alleged danger. Because Plaintiffs all allege injuries arising out of the use of Risperdal, Invega, or generic risperidone, the Court cannot say that Plaintiffs' claims have no logical connection to each other such that they are "egregiously misjoined." Prempro, 591 F.3d at 623. In short, Plaintiffs' claims are sufficiently related to support joinder in this case, and Defendants have failed to meet their burden of demonstrating diversity of citizenship as required by 28 U.S.C. §

1332. Therefore, this Court lacks subject matter jurisdiction over this matter, and will remand the case back to state court.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 4), and Plaintiffs' Motion to Stay (Doc. 11) are **DENIED without prejudice as moot.**

Dated this 11th day of May, 2017.

                                                     _/s/ John A. Ross_
                                                   **JOHN A. ROSS**
                                                   **UNITED STATES DISTRICT JUDGE**